**CIVIL AERONAUTICS BOARD, Plaintiff,**

v.

**AIR TRANSPORT ASSOCIATION OF AMERICA, Defendant.**

Civ. A. No. 3214-60.

United States District Court
District of Columbia.

Oct. 3, 1961.

David C. Acheson, U. S. Atty., and Harold D. Rhynedance, Jr., Asst. U. S. Atty., for plaintiff.

George W. Wise, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is a proceeding to enforce an administrative subpoena *duces tecum* issued by the Civil Aeronautics Board during the course of an investigation of defendant, a trade association of air carriers. The defendant declined to produce the documents called for on the ground that they were covered by the attorney-client privilege. The plaintiff moved for summary judgment, claiming that the attorney-client privilege may not be validly interposed against plaintiff by defendant or its members in the course of an investigation by plaintiff authorized by Sections 204, 407 and 415 of the Federal Aviation Act, (49 U.S. C.A. §§ 1324, 1377, and 1385).

The Court has reached the conclusion that this case has not as yet reached a stage at which it can be finally disposed of by a summary judgment. However, a partial summary judgment may be appropriately rendered in accordance with Rule 56(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The Court is of the opinion that the attorney-client privilege may be asserted in the proceeding pending before the Civil Aeronautics Board and involved in this action. The attorney-client privilege is deeply imbedded and is part of the warp and woof of the common law. In order to abrogate it in whole or in part as to any proceeding whatsoever, affirmative legislative action would be required that is free from ambiguity. The very existence of the right of counsel necessitates the attorney-client privilege in order that a client and his attorney may communicate between themselves freely and confidentially.

Whether the privilege may be asserted as to any particular document involved in this case or any particular group of documents depends upon the specific facts surrounding the origin and the existence of the document in question. The question involves, for example the nature of the relation of the parties between whom the document passes, whether the document itself relates to a matter involving representation of counsel, as well as other considerations. Accordingly, the Court is of the opinion that to indicate what types of documents would or would not be within the privilege would be rendering an advisory opinion in advance of having the facts developed by testimony.

Accordingly, the Court grants partial summary judgment adjudicating that the attorney-client privilege may be asserted and exists for the purposes of the proceeding before the Civil Aeronautics Board involved in this case. In all other respects, the motion is denied.

You may submit an order accordingly.